Filing # 85636576 E-Filed 02/28/2019 09:52:14 AM

IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, STATE OF FLORIDA
CIVIL DIVISION

LEONOR LARA BORROTO,

      Plaintiff,

vs.                                        CASE NO.:

WALMART INC.
a foreign profit corporation,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, LEONOR LARA BORROTO, by and through her undersigned attorney, sues the Defendant, WALMART INC., a foreign profit corporation, (hereinafter referred to as "WALMART") and alleges:

    1.    This is an action for damages that exceed Fifteen Thousand Dollars ($15,000.00).

    2.    The Defendant WALMART is, and was at all times material to the matters alleged in this Complaint, a limited partnership organized and existing under laws of the State of Delaware, and authorized to transact business in this State by the State of Florida, Department of State, and doing so.

    3.    At all times material to the matters alleged in this Complaint, the Defendant WALMART operated, conducted, engaged in and carried on a business in the State of Florida, to wit: the ownership and operation of a supermarket store for the sale to the general public of groceries, merchandise and other goods which store is located at 505 S.W. Pine Island Road, Cape Coral, FL 33991, Lee County, Florida (hereinafter referred to in this Complaint as "the Store").

[18-PI-0965/2413966/1]



Furthermore, at all times material to the matters alleged in this Complaint, the Defendant WALMART possessed, managed and controlled the Store premises, as well as the business activities conducted thereon.

4. On or about October 25, 2016, the Plaintiff, LEONOR LARA BORROTO, was shopping at the store, at which time and place she slipped in a puddle of water or liquid located on the floor of the Store, and fell.

5. In operating and conducting its business at the Store, the Defendant WALMART negligently:

A. Failed to use reasonable care in maintaining the Store premises in a reasonably safe condition;

B. Failed to warn the Plaintiff of an inherently dangerous condition and/or concealed peril of which the Defendant either knew or should have known, and which was unknown to the Plaintiff and could not be discovered or anticipated by her through the exercise of reasonable care;

C. Failed to take proper and timely actions to reduce, minimize or eliminate foreseeable risks before they manifested themselves as particularly dangerous conditions on the premises, and thus, selected, employed and utilized a negligent mode of operation for the inspection and maintenance of the floors of the Store in the aisle that resulted in the creation of a dangerous or unsafe condition;

D. Failed to make timely and periodic inspections of the floors of the Store, and failed to have reasonable policies and procedures in effect for conducting such inspections; and

E. Created or allowed a dangerous condition to exist in its store, to

[18-PI-0965/2413966/1]

wit: a puddle of water or liquid on the floor of the Store where customers were allowed to walk in and through while shopping, which liquid was on the floor due.

6. The dangerous condition was known to the Defendant or had existed for such a length of time so that, in the exercise of ordinary care, the Defendant should have known of it, or the condition occurred with regularity and was therefore foreseeable.

7. The Defendant had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it.

8. As a result of the negligence of the Defendant, the Plaintiff, LEONOR LARA BORROTO, fell and suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, LEONOR LARA BORROTO, demands judgment for damages against the Defendant, WALMART INC, a foreign profit corporation, and demands trial by jury.

The Law Office of Lucas|Magazine

STEPHEN H. HASKINS, ESQUIRE
FBN: 299790
8606 Government Drive
New Port Richey, FL 34654
(727) 849-5353 FAX(727) 845-7949
Email: lucasmagazine@lucasmagazine.com
Attorneys for Plaintiff

[18-PI-0965/2413966/1]